THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAUL BERMAN and Others, Appellants.

Court of Special Sessions, City of New York, Appellate Part, Second Department, August 21, 1935.

*Abraham H. Kesselman* [*Harry G. Anderson* of counsel], for the appellant.

*William F. X. Geoghan* [*Ralph K. Jacobs* of counsel], for the respondent.

SALOMON, J. The appellants and three others were charged with a violation of subdivision 11 of section 722 of the Penal Law in that " on the 20th day of May, 1935 at the city and county aforesaid, Sam Berman, Barney Gambino, Irving Moskowitz, Joseph Laurette, Irving Shanker, Oscar Shapiro, Ralph Robiner and William Rabinowitz, now here, being persons who bear an evil reputation, did unlawfully consort together with an unlawful purpose on the sidewalk at the corner of Amboy Street and Sutter Avenue, Brooklyn, New York; deponent saw the defendants herein at about eight o'clock P. M. on the aforesaid day, engaged in conversation and knowing that they had no lawful or gainful occupation, deponent had reason to believe that they were there for an unlawful purpose and deponent therefore charges that the defendants herein are persons contemplated within the provision of subdivision 11, section 722 of the Penal Law." On June 1, 1935 the appellants were found guilty and sentenced to ninety days, from which judgment of conviction this appeal is taken.

The statute in question reads as follows:

" § 722. Disorderly conduct. * * * Any person who, with intent to provoke a breach of the peace, or whereby a breach of the peace may be occasioned, commits any of the following acts shall be deemed to have committed the offense of disorderly conduct:

" 11. Is engaged in some illegal occupation or who bears an evil reputation and with an unlawful purpose consorts with thieves and criminals or frequents unlawful resorts. In any prosecution under this section the fact the defendant is engaged in an illegal occupation or bears an evil reputation and is found consorting with persons of like evil reputation, thieves or criminals shall be prima facie evidence that such consorting was for an unlawful purpose."

The record of the testimony taken before the magistrate is replete with evidence establishing the evil reputation and viciousness of the appellants and shows a constant consorting with criminals at and around the particular vicinity charged in the complaint, and particularly at the place in question and that such constant consorting of these same appellants were followed by many unlawful acts which were menacing to the people living and conducting business in that neighborhood. The testimony clearly establishes that the appellants were men of criminal and evil reputation contemplated by the statute and that their gathering and consorting at the time

and place set forth, was not accidental, but to the contrary was one of many such gatherings and that on the many previous occasions resulted in conduct which was unlawful and menacing to the people in the neighborhood. In my opinion the People adduced more than sufficient testimony to establish that the appellants had a criminal and evil reputation and that they were consorting with each other presumably for no lawful purpose on the night in question and a *prima facie* case was made out, which called for the appellants to go forward with evidence to rebut, People's *prima facie* case under the provisions of said statute.

Did the appellants offer sufficient testimony tending to rebut the presumption that they were consorting for an unlawful purpose, and from the entire testimony by the People was the magistrate warranted in finding that appellants were guilty of a violation of this section beyond a reasonable doubt. In my opinion he was justified in finding that the appellants did not overcome the presumption against them and was warranted in rendering a judgment finding them guilty beyond a reasonable doubt.

The trial judge in imposing sentence, in this case, said this of the testimony of the witnesses called in behalf of the appellants: " These witnesses you produced, upon my inquiries, they didn't make a good impression on me. They showed they were fidgety, and they were in fear. They didn't testify like open-hearted and free-minded citizens would testify."

The appellants contend that the complaint upon which the defendants were tried was insufficient. As to this contention the complaint states facts sufficiently apprising the defendants of the specific charge against them and the mere fact that the complaint before the magistrate did not expressly use the words of the statute, in that it did not set forth that such acts tended to a breach of the peace, would not justify a finding that the complaint is insufficient as a matter of law.

The appellants further contend that the statute is unconstitutional, in that it violates the constitutional requirement of due process of law guaranteed them by our Constitution. In my opinion the subdivision as amended creates a presumption against individuals charged with a violation of this section, after the People have established beyond a reasonable doubt, that such individuals are of the evil reputation contemplated by the statute and have consorted with criminals or with individuals of like evil reputation, it does not deprive or deny individuals charged with a violation of this section of defending themselves and does not take away from them any of their constitutional rights. Such statutory presumptions are not new, but to the contrary have been created and

have been sustained by our courts. For instance, section 1302-a of the Penal Law where landlords are charged with a misdemeanor for withholding security left with them, creates a presumption against them that they have committed a misdemeanor. Section 1308 of the Penal Law, creates a presumption of knowingly receiving stolen goods against a dealer who fails to make reasonable inquiry, etc. Section 1898 of the Penal Law, creates a presumption of carrying a weapon with intent to use from a mere possession by a person other than a public officer. Section 975 of the Penal Law, creates a presumption of knowingly possessing policy slips in violation of the law from the mere possession by the defendant. Section 1431-a of the Penal Law, creates a presumption against a defendant charged with interfering with a gas meter from the mere existence of the conditions. Section 1292-a of the Penal Law, creates a presumption of intent to defraud against a maker or drawer of a check from the mere issuance, utterance or delivery of same.

Where a defendant is charged with larceny, it is elementary law that the larceny being established and it appearing that the stolen property is found in the recent possession of the defendant, a *prima facie* case is made out against the defendant, and he must go forward with evidence to rebut the presumption against him. It is true that this presumption is not statutory, but nevertheless it has the effect as if expressly provided for by statute. This crime being a felony it is triable by a judge and a jury and the court in charging the jury, would charge them that they must find the defendant guilty beyond a reasonable doubt and he would advise them as to what weight they are to give to the evidence of recent possession.

The defendants, appellants, also contend that the statute is unconstitutional in that it compels a defendant to testify against himself and he is deprived of his constitutional right of standing before the bar presumably innocent until the People prove him guilty beyond a reasonable doubt. I cannot agree with these contentions. The provisions of the statute in question in no way deprive a defendant of his constitutional rights. If a violation of this statute was made a felony and defendants were being tried by a judge and a jury, nothing contained therein would relieve the trial judge from charging the jury that the People must prove its case beyond a reasonable doubt and he would in his charge advise the jury what weight should be given to the presumption provided by the statute.

To argue that where a statute enacted provided for a change in the rule of evidence, and in my opinion the presumption provided for is just that, such statute deprives one charged with a violation thereof, of a constitutional right, is without foundation.

Unquestionably the Legislature is empowered to enact criminal statutes and, therefore, unless the statute enacted runs counter to the constitutional rights of those charged with a violation thereof, it must be upheld. The wisdom of the statute is not for the courts, the courts are only concerned with the validity thereof.

The judgment of conviction herein was warranted and justified and the judgment should be affirmed on the law and facts.

KERNOCHAN, P. J., concurs; McINERNEY, J., dissents, with opinion.

McINERNEY, J. (dissenting). The five defendants, and three who were discharged by the magistrate, are charged with " being persons who bear an evil reputation, did unlawfully consort together with an unlawful purpose on the sidewalk at the corner of Amboy Street and Sutter Avenue."

The police arrested nine, but one Black was released at the station house, and Laurette, Rabiner and Rabinowitz discharged after a hearing in court.

The police officers testified that the defendants each bear an evil reputation. None of the officers could testify as to why the defendants were together, what they were talking about or for what unlawful purpose they had assembled. *The only testimony in the record as to what the defendants were doing on the sidewalk* was supplied by the four who were released. The defendants produced six witnesses who testified that the defendants did not bear an evil reputation.

The statute in question states that where persons of an evil reputation are consorting with persons of like evil reputation, it shall be *prima facie* evidence that such consorting was for an unlawful purpose. The People concede they have no proof to offer as to the purpose for which the defendants congregated on the street corner. The defendants have introduced some proof by the testimony of the four who have been discharged.

In view of the lack of any evidence by the People to show the defendants were on the sidewalk for an unlawful purpose and the defendants having presented testimony to explain their presence at that place, it seems to me the *prima facie* evidence has been rebutted and the convictions should be reversed.

The certificate of reasonable doubt issued in this case contains a very strong argument advanced by Justice WALLING as to the advisability of having the constitutionality of this statute passed on by the Court of Appeals but I believe the case under consideration can be disposed of by us without passing on this question. The defendants have also raised other legal questions as to the admissi-

bility of finger print records and the sufficiency of police officers' testimony as to the reputation of the defendants which I have not considered it necessary to pass upon at this time.

The law of this State still declares that a man is presumed to be innocent until the contrary is proven and I fail to see that the People have been able to overcome that presumption in this case.

I vote to set aside the conviction and discharge the defendants on the law and the facts.